UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LOFTIS,<br><br>　　　　　Petitoner,<br>v.<br>WARDEN ALMAGER,<br>　　　　　Respondent. | Civil No. 1:07cv1603 JAH (LSP)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

　　　　On July 17, 2009, this Court, assigned to this case as a visiting judge, denied Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, which challenged his conviction of second degree murder and sentence of fifteen years to life. On August 6, 2009, Petitioner, a state prisoner appearing *pro se*, filed a notice of appeal of this Court's denial of his petition for writ of habeas corpus. In his notice of appeal, Petitioner seeks a certificate of appealability. See Fed.R.App.P. 22(b).

　　　　A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473 (2000) and Barefoot v. Estelle, 463 U.S. 880 (1983)).

　　　　Petitioner presented three claims for relief in his petition: (1) the Court should

1 allow him to withdraw his plea of no contest because he did not admit facts sufficient to
2 support the plea; (2) his plea was involuntary because he did not have a complete
3 understanding of the charges or penalty; and (3) his plea was the result of coercion on the
4 part of his defense counsel.  This Court found the state court's denial of Petitioner's claim
5 that he should be allowed to withdraw his plea due to a failure to articulate a factual basis
6 was neither contrary to, nor an unreasonable application of, clearly established federal law,
7 based on the statements made at the plea hearing and the trial court's reliance on the
8 probation report.  The Court further found claims two and three were unexhasted, but to
9 the extent the Court could reach the merits of these claims, both contentions were without
10 merit.  Specifically, this Court held the evidence in the state court record strongly supports
11 the state court's conclusion that Petitioner's decision to plead no contest to second degree
12 murder was knowing, voluntary, and intelligent and there was no evidence to demonstrate
13 counsel coerced him to plead no contest.

14       This Court's findings regarding Petitioner's claims for relief are not, in this Court's
15 view, findings that could be considered debatable among jurists of reason nor could any
16 other court reasonably resolve the issues in a different manner.  See Lambright 220 F.3d
17 at 1024-25.  Therefore, Petitioner is not entitled to a certificate of appealability.
18 Accordingly, this Court **DENIES** a certificate of appealability as to the claims presented
19 in the instant petition.

21 DATED:  September 1, 2009

23         JOHN A. HOUSTON
        United States District Judge